SOMMERVILLE, J.
The Westwego & Walnut Street Ferry Company has its domicile in the city of New Orleans. The purposes for which that corporation is established are to acquire, operate and maintain ferries upon the Mississippi river for the transportation of passengers and freight from *431 one bank to the other, and, more particularly, to acquire the right, franchise, and privilege, together with all wharf rights and rights of way, of the ferry running between the foot of Walnut street, in the city of New Orleans, and Westwego, in the parish of Jefferson, and all future franchises for operating the ferry between said points. In conformity with said provisions it acquired from Thomas Pickles the privilege of operating and maintaining a steam ferry or ferries, which privilege or franchise said Pickles had acquired under a lease with the city of New Orleans and parish of Jefferson.
The plaintiff alleges in its petition in this case that said Westwego & Walnut Street Perry Company has failed to comply with the provisions of said lease in operating the franchise which was granted therein, and it' asks for judgment annulling and setting aside the franchise granted by it and the council of the city of New Orleans to operate the ferry referred to. 'Defendant excepts that the court is without jurisdiction ratione personas, alleging its domicile to be in the city of New Orleans.
The exception was overruled, and defendant asks that this court issue a writ of prohibition, restraining the judge of the Twenty-Eighth judicial district court, for the parish of Jefferson, from trying the cause, on the ground that that court is without jurisdiction.
The judge of said court answers that section 2759 of the Revised Statutes vests jurisdiction of the cause in the court over which he presides. Section 2759 is as- follows :
“On streams that divide parishes, the parishes to and in which ferryboats ply shall have concurrent jurisdiction over such ferry; and complaints for neglect or infractions of the charter shall be cognizable by the court of either parish.”
The general law referring to the court where a defendant may be sued is found in article 162 of the Code of Practice:
“It is a general rule in civil matters that one must be sued before his own judge — that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued; but this rule is subject to those exceptions expressly provided for by law.”
Article 165, C. P., contains several exceptions to the rule of domicile; but this suit does not fall within any one of them.
The exception to the rule, though, is found in section 2759, R. S., quoted above. The Revised Statutes were adopted by the Legislature in 1870; and Act No. 302 of 1855 has been so modified therein as to embrace ferries between New Orleans and other parishes. The law, therefore, is that the courts of either parish shall have jurisdiction of complaints for neglect or infractions of the charter, or franchise, by ferries plying between parishes. The parish of Jefferson has jurisdiction in this matter, and the rule nisi issued herein is recalled, and the application of the relator for a writ of prohibition to the Twenty-Eighth judicial district court, for the parish of Jefferson is denied and dismissed, at its cost.